JORDAN ETH (BAR NO. 121617)
Email: JEth@mofo.com
JUDSON E. LOBDELL (BAR NO. 146041)
Email: JLobdell@mofo.com
GEOFFREY GRABER (BAR NO. 211547)
Email: GGraber@mofo.com
STACEY M. SPRENKEL (BAR NO. 241689)
Email: SSprenkel@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Individual Defendants
A. THOMAS BENDER, ROBERT S. WEISS,
STEVEN M. NEIL, and
GREGORY A. FRYLING

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re COOPER COMPANIES, INC. SECURITIES LITIGATION | Case No.   SACV-06-00169-CJC (RNB) |
| | Consolidated with: |
| | Case No. SACV 06-00306-CJC (RNB)<br>Case No. SACV 06-00331-AHS (MLG) |
| | CLASS ACTION |
| | **NOTICE OF MOTION AND MOTION OF STEVEN NEIL FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Date:     April 14, 2008<br>Time:    1:30 p.m.<br>Judge:   Hon. Cormac J. Carney<br>Room:   9B |

sf-2464864

# NOTICE OF MOTION

Please take notice that on April 14, 2008, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Cormac J. Carney, United States District Court, Central District of California, Southern Division, 411 West Fourth Street, Santa Ana, California, Defendant Steven Neil will, and hereby does, move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs' Amended Consolidated Complaint fails to state a claim against him upon which relief may be granted.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the pleadings and other files on record, and such other written and oral argument as may be presented to the Court.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 8, 2008.

Dated: March 24, 2008

Respectfully submitted,

MORRISON & FOERSTER LLP

    Jordan Eth
    Judson E. Lobdell
    Geoffrey Graber
    Stacey M. Sprenkel

By: ___/s/ Judson Lobdell_____
      Judson E. Lobdell

Attorneys for Individual Defendants
A. THOMAS BENDER, ROBERT S. WEISS, STEVEN M. NEIL, and GREGORY A. FRYLING

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................1

BACKGROUND ............................................................................................................1

ARGUMENT ..................................................................................................................4

I. JUDGMENT ON THE PLEADINGS SHOULD BE ENTERED IN FAVOR OF A DEFENDANT WHERE THE COMPLAINT FAILS TO STATE A CLAIM AGAINST HIM. ..........................................................4

II. THE AMENDED CONSOLIDATED COMPLAINT FAILS TO STATE A CLAIM AGAINST MR. NEIL. .....................................................4

    A. Plaintiffs Fail to State a Section 10(b) Claim Against Mr. Neil. ..........4

    B. Plaintiffs Also Fail to State a Section 20(a) Claim Against Mr. Neil. ...................................................................................................5

CONCLUSION ...............................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allison v. Brooktree Corp.*,
  999 F. Supp. 1342 (S.D. Cal. 1998)..................................................................4

*Gompper v. VISX, Inc.*,
  298 F.3d 893 (9th Cir. 2002) ............................................................................4

*Heliotrope Gen., Inc., v. Fort Motor Co.*,
  189 F.3d 971 (9th Cir. 1999) ............................................................................4

*Hollinger v. Tital Capital Corp.*,
  924 F.2d 1564 (9th Cir. 1990) ..........................................................................7

*Howard v. Everex Systems, Inc.*,
  228 F.3d 1057 (9th Cir. 2000) ..........................................................................7

*In re Intermune, Inc.*,
  No. C 03-2952 SI, 2004 WL 1737264 (N.D. Cal. July 30, 2003).....................8

*In re Metawave Comm. Corp. Sec. Lit.*,
  298 F. Supp.2d 1056 (W.D. Wash. 2003) ........................................................8

*Paracor Finance, Inc. v. General Elec. Capital Corp.*,
  96 F.3d 1151 (9th Cir. 1996) ............................................................................7

*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*,
  365 F.3d 353 (5th Cir. 2004) ............................................................................5

*Wool v. Tandem*
  818 F.2d 1433 (9th Cir. 1987) ..........................................................................7

## STATUTES AND RULES

15 U.S.C.
  § 78u-4(b)(2)....................................................................................................4

Federal Rules of Civil Procedure
  Rule 12(c).........................................................................................................4

sf-2464864

**STATUTES AND RULES (cont.)**
Securities Exchange Act of 1934
 § 10(b) ............................................................................................................... 1, 4, 5
 § 20(a) ............................................................................................................... 1, 3, 5

sf-2464864

## INTRODUCTION

On October 23, 2007, this Court granted in part and denied in part Defendants' motions to dismiss Plaintiffs' Amended Consolidated Complaint ("ACC") against The Cooper Companies, Inc. ("Cooper") and several of its officers and directors. Among the claims dismissed were all claims based upon allegations that Cooper included false financial statements in Forms 10-Q filed with the SEC and that Cooper's CFO, Steven Neil, signed false Sarbanes-Oxley ("SOX") certifications regarding these filings.

The financial statements and SOX certifications were the only allegedly false or misleading statements attributed to Mr. Neil in the ACC. The ACC also included control-person allegations against Mr. Neil, but the allegations of control were based entirely on Mr. Neil's position as Cooper's CFO and his signing of the SOX certifications.

The Court granted Plaintiffs leave to amend the ACC in the October 23 Order. Plaintiffs, however, elected not to amend, and their time to do so has now passed. After dismissal of the financial fraud and SOX certification claims, none of the allegedly fraudulent statements that remain in the case are attributed to Mr. Neil or alleged to have been within Mr. Neil's area of control. Mr. Neil is, therefore, entitled to entry of judgment on the pleadings with respect to all claims against him.

## BACKGROUND

Cooper manufactures and sells contact lenses. (ACC ¶ 2.) On January 6, 2005, Cooper acquired another contact lens company, Ocular Sciences, Inc. ("Ocular"). (ACC ¶ 3.) Mr. Neil was appointed CFO of Cooper after the merger closed, on January 26, 2005. (ACC ¶ 39.)

On July 31, 2006, Plaintiffs filed their original Consolidated Class Action Complaint ("Original Complaint") against Cooper and thirteen of its officers and directors. The Original Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 for allegedly false and misleading

1

sf-2464864

statements made between July 28, 2004 and December 12, 2005 (the "Class Period") related to Cooper's merger with Ocular.

On July 13, 2007, the Court dismissed Plaintiffs' Original Complaint without prejudice on several independent grounds. The Court's Order stated that "Plaintiffs did not give specific detail that any defendant knew that any alleged statement was false when made." (July 13, 2007 Order Granting Defendants' Motions to Dismiss, Docket No. 77 (the "July Order") at 20.)

On August 9, 2007, Plaintiffs filed the ACC. The ACC alleged many of the same categories of false statements as the Original Complaint, including those concerning Ocular's pre-merger inventory of contact lenses; the market share of Silicone Hydrogel contact lenses sold by competitors; and the progress of the post-merger integration of Ocular's sales force into Cooper sales force. (ACC ¶¶ 64-117.) Plaintiffs dropped some of their claims, dropped eight of the thirteen individual defendants, and added references to twelve confidential witnesses ("CWs").

All the allegations against CFO Neil concerned Cooper's financial reporting. (ACC ¶¶ 118-38.) First, Plaintiffs alleged that the financial statements contained in Cooper's SEC Forms 10-Q for the first three quarters of 2005 understated Cooper's amortization expense and overstated its earnings and profits owing to an error in Cooper's accounting for its 2004 acquisition of Ocular. (ACC ¶¶ 125-38.) Second, Plaintiffs alleged that the SOX certifications accompanying these Forms 10-Q were false and supported a strong inference of scienter with respect to the certified financial statements. (ACC ¶¶ 120-22.) Plaintiffs also alleged that, insofar as Cooper's revenue forecasts were based on deliberately or recklessly false financial statements, they too were deliberately or recklessly false. (ACC ¶¶ 139-48.)

On October 23, 2007, the Court granted in part and denied in part Defendants' motions to dismiss the ACC. The Court permitted Plaintiffs to proceed with their claims related to Ocular inventory levels, Silicone Hydrogel

1  contact lenses, and sales force integration.  For a second time, however, the Court
2  found that Plaintiffs had failed to plead facts sufficient to support a strong inference
3  that the financial statements and SOX certifications were deliberately or recklessly
4  false.  (October 23, 2007 Order Granting in Part, Denying in Part, Defendants'
5  Motions to Dismiss Plaintiff's ACC, Docket No. 104 (the "October Order") at 8-9.)
6  The Court stated that it was "not convinced that scienter is established simply
7  because Mr. Bender and Mr. Neil affirmed that they established, designed and
8  maintained internal accounting controls as Plaintiffs argue."  (*Id*.)  The Court
9  further noted that Plaintiffs failed to assert any "factual allegation that Defendants
10 knew or recklessly disregarded the ineffectiveness of the [accounting] controls
11 when they were established, designed or maintained."  (*Id*.)

12       The Court also held that, insofar as Plaintiffs allegations concerning
13 Cooper's revenue forecasts were based on their allegations of fraudulent financials
14 statements or SOX certifications, these forecasting claims, too, were dismissed.
15 (*Id.*)

16       Separately, the Court permitted Plaintiffs to proceed on their Section 20(a)
17 claims.  In doing so, the Court noted that Plaintiffs had alleged that Mr. Neil
18 "signed SOX certifications which were false or misleading."  (*Id*. at 10-11.)

19       The Court granted Plaintiffs twenty days leave to amend their allegations
20 concerning the financial statements, SOX certifications, and revenue projections.
21 (*Id*. at 12.)  Plaintiffs, however, declined this opportunity to amend.  As a result, the
22 ACC now contains no allegations that Mr. Neil, or anyone involved in Cooper's
23 financial reporting or accounting while Mr. Neil was CFO, made any deliberately
24 or recklessly false statement.

25
26
27
28

3

sf-2464864

# ARGUMENT

## I. JUDGMENT ON THE PLEADINGS SHOULD BE ENTERED IN FAVOR OF A DEFENDANT WHERE THE COMPLAINT FAILS TO STATE A CLAIM AGAINST HIM.

Under Federal Rule of Civil Procedure 12(c) any party may move for judgment on the pleadings "after the pleadings are closed." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when, "taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Heliotrope Gen., Inc., v. Fort Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999) (internal quotation and citation omitted). The stringent pleading requirements of the Private Securities Litigation Reform Act of 1995 (the "Reform Act") apply in a motion for judgment on the pleadings. *Heliotrope*, 189 F.3d at 980-981 (applying Reform Act standards to motion for judgment on the pleadings.)

Under the Reform Act, securities class action plaintiffs must "plead specific facts as to the misleading statements and omissions as to each defendant." *Allison v. Brooktree Corp.*, 999 F. Supp. 1342, 1350 (S.D. Cal. 1998). Moreover, plaintiffs are required to "state with particularity facts giving rise to a *strong* inference that the defendant acted with the required state of mind." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(b)(2)) (emphasis added in *Gompper*).

## II. THE AMENDED CONSOLIDATED COMPLAINT FAILS TO STATE A CLAIM AGAINST MR. NEIL.

### A. Plaintiffs Fail to State a Section 10(b) Claim Against Mr. Neil.

Mr. Neil is entitled to judgment on Plaintiffs' Section 10(b) claim because the ACC does not plead facts, with particularity, that he made a false statement with scienter.

As the Court already held, Plaintiffs must plead particular facts sufficient to attribute a deliberately or recklessly false statement to each individual defendant to state a claim against that defendant under Section 10(b). (July Order at 18-20.)

Under the Reform Act, Plaintiffs cannot sweep defendants into a case based on the statements of others under the so-called "group pleading" doctrine. (*Id*, at 19.) The Reform Act "imposes a 'specific requirement that the untrue statements or omissions be set forth with particularity as to the defendant and that scienter be pleaded with regard to each act or omission sufficient to give rise to a strong inference that the defendant acted with the requisite state of mind." (*Id*., quoting *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 365 (5th Cir. 2004)).

The *only* allegedly false statements Plaintiffs attribute to Mr. Neil in the ACC are the financial statements and the related SOX certifications for the first three quarters of 2005. The Court has already held that the ACC fails to allege facts sufficient to support Plaintiffs' conclusory allegations that these statements were deliberately or recklessly false. (October Order at 8-9.) Plaintiffs were given leave to amend but declined the opportunity. The pleadings are now closed. Plaintiffs have not attributed an actionable statement to Mr. Neil. Mr. Neil is, therefore, entitled to entry of judgment on Plaintiffs' Section 10(b) claim against him.

**B.     Plaintiffs Also Fail to State a Section 20(a) Claim Against Mr. Neil.**

In order to state a Section 20(a) claim against a corporate officer, a plaintiff must allege facts sufficient to establish that the officer had the authority to control at least the corporate acts giving rise to liability. As this Court has held, "generalized allegations that defendants had direct and supervisory control over Cooper's day-to-day operations" are insufficient to establish control. (July Order at 23.)

The allegations remaining in the ACC fail to plead a Section 20(a) claim against Mr. Neil. In the ACC, Plaintiffs allege that Mr. Neil was a control person based on the fact that he held the position of CFO (for part of the class period) and because he signed SOX certifications. (ACC ¶¶ 39, 40, 126-31; *see also* October Order at 11.) These allegations may have been sufficient while the financial fraud

and false-SOX-certification claims remained alive. As discussed above, however, the financial fraud and SOX allegations have been dismissed and Plaintiffs have declined the opportunity to re-plead them. The facts pled in the ACC do not show that Mr. Neil was involved in, let alone had control over, any of the allegedly fraudulent activity remaining in the case:

- ***Inventory levels of Ocular Biomedics Premier line of contact lenses.*** Plaintiffs do not allege, nor could they, that Mr. Neil was involved in Cooper's due diligence prior to the merger with Ocular, or the public statements regarding Ocular inventory. These statements are attributed to Cooper's CEO, Thomas Bender. (ACC ¶¶ 66, 70.) Plaintiffs do not even allege that Mr. Neil was an officer of Cooper at the time that issue arose, that he had any control over or involvement in statements about inventory, or that his job responsibilities included inventory-related issues. (ACC ¶¶ 64-66.)

- ***Sales force integration.*** Plaintiffs also do not allege that Mr. Neil had any role relating to the integration of the sales forces of Cooper and Ocular, or was involved in communications with investors concerning this topic. (ACC ¶¶ 109-110.) Certainly, Mr. Neil's title as CFO does not support an inference that he had any control over or even involvement in sales or human-resource issues. (*Id.*)

- ***Silicone Hydrogel contact lenses.*** Plaintiffs do not allege that Mr. Neil had any involvement with or knowledge about competition from Silicone Hydrogel lenses, or was involved in communications with investors concerning this topic. (ACC ¶¶ 88-95.) Here again, there is simply no basis for assuming that Mr. Neil, by virtue of his position of CFO, would have had any control over operations or communications in this area of the Company. (*Id.*)

None of the alleged misrepresentations concerning these areas are alleged to have been included in Forms 10-Q that Mr. Neil signed, or to have been "certified" by Mr. Neil in the SOX certifications. (ACC ¶¶ 126-31.)

Now that Plaintiffs have declined to amend the ACC, this case contrasts sharply with the cases in which the Ninth Circuit has allowed control-person claims to proceed. In *Wool v. Tandem*, cited in the October Order, plaintiffs alleged financial fraud and asserted control-person claims against three corporate officers (the President/CEO, the Senior VP/COO and the VP/Controller). 818 F.2d 1433 (9th Cir. 1987) (*impliedly overruled on other grounds by Hollinger v. Tital Capital Corp.*, 924 F.2d 1564 (9th Cir. 1990)). In discussing the sufficiency of the control allegations, the Ninth Circuit held that plaintiffs there had properly alleged a control relationship because the complaint alleged that the individual defendants "had direct involvement not only in the day-to-day affairs of [the company] in general, but also ***in [the company's] financial statements in particular***." *Id.* at 1442 (emphasis supplied). The involvement in the financial statements was an essential aspect of the court's analysis because the financial statements were at the center of plaintiffs' allegations of fraud.

Similarly, in *Howard v. Everex Systems, Inc.*, 228 F.3d 1057 (9th Cir. 2000), the Ninth Circuit found that the CEO was a control person in a financial statement fraud case only because he had authority over the process of preparing and releasing financial statements. *Id.* at 1065-66. By contrast, the court found that a director defendant was not a control person because plaintiffs only pointed to his general control and there was no evidence of actual control over the financial statements at issue. *Id.* at 1067. And in *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151 (9th Cir. 1996), the court held that the CEO of a corporation was not a control person because there was no evidence that he exercised direct or indirect control over the debenture offering at issue in the action. *Id.* at 1161-64.

7

sf-2464864

1 | Where, as here, the alleged corporate fraud concerns areas completely independent of a defendant's job responsibilities, reciting the defendant's title fails to plead a control person claim against him.  *See In re Intermune, Inc.*, No. C 03-2952 SI, 2004 WL 1737264, at *7 (N.D. Cal. July 30, 2003) (control person liability claims dismissed where plaintiff presented nothing more than a "theory that the individual defendants violated federal securities laws because they had the power and authority to control information released to the public by virtue of their position."); *In re Metawave Comm. Corp. Sec. Lit.*, 298 F. Supp.2d 1056, 1091 (W.D. Wash. 2003) (control person claims dismissed where plaintiffs did not allege that defendant's position involved revenue recognition, inventory accounting, or financial statements, which were challenged in the complaint).  Now that the claims based on the financial statements, SOX certifications, and related revenue forecasts have been dismissed, and Plaintiffs' have declined to amend the ACC, the operative complaint fails to state a control-person claim against Mr. Neil.

## CONCLUSION

For the reasons set forth above, Mr. Neil respectfully requests that the Court enter judgment on the pleadings in his favor.

Dated:  March 24, 2008

Respectfully submitted,

MORRISON & FOERSTER LLP

    Jordan Eth
    Judson E. Lobdell
    Geoffrey Graber
    Stacey M. Sprenkel

By: ___/s/  Judson Lobdell_____
       Judson E. Lobdell

Attorneys for Individual Defendants
A. THOMAS BENDER, ROBERT S. WEISS, STEVEN M. NEIL, and GREGORY A. FRYLING

sf-2464864