COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
X. JAY ALVAREZ (134781)
RYAN A. LLORENS (225196)
LAUREN G. KERKHOFF (236902)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jaya@csgrr.com
ryanl@csgrr.com
lkerkhoff@csgrr.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re COOPER COMPANIES, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | No. SACV-06-00169-CJC(RNBx)<br><br>CLASS ACTION<br><br>CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER |

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

**2.    DEFINITIONS**

2.1    <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>:   All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items</u>:  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: A Party or non-party that designates information or items that it deems as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.9 <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including independent contract attorneys and third-party investigators hired by outside counsel who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A).

2.10 <u>In-House Counsel</u>: Attorneys who are employees of a Party.

2.11 <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

2.12 <u>Expert and/or Consultant</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(a) <u>Information in documentary form</u> (apart from transcripts of depositions or other pretrial proceedings). To designate information in documentary form as Protected Material, the Producing Party shall affix the legend

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the top of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential or "Highly Confidential – Attorneys' Eyes Only") at the top of each page that contains Protected Material.

In the event that a Party believes that documents produced by another Party or non-party should be subject to the terms of this Order, that Party shall have the right to designate such documents as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  Within 30 days of receipt of such documents, the Designating Party shall provide notice to all other Parties and the producing non-party of such designation.  After receiving this notice, each Party or producing non-party in possession of designated information shall affix the appropriate legend ("Confidential or "Highly Confidential – Attorneys' Eyes Only") at the top of each page that contains Protected Material.

(b) <u>Testimony given in deposition or in other pretrial proceedings.</u> To designate testimony given in deposition or in other pretrial proceedings as Protected Material, a Party or non-party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately

1. each portion of testimony that is entitled to protection, and when it appears that
2. substantial portions of the testimony may qualify for protection, a Party or non-
3. party that sponsors, offers, or gives the testimony may invoke on the record (before
4. the deposition or proceeding is concluded) a right to have up to 25 days after
5. receipt of the transcript to identify the specific portions of the testimony as to
6. which protection is sought and to specify the level of protection being asserted.
7. Only those portions of the testimony that are appropriately designated for
8. protection within the 25 days after receipt of the transcript shall be covered by the
9. provisions of this Order.
10. Transcript pages containing Protected Material must be separately bound by
11. the court reporter, who must affix to the top of each such page the legend
12. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
13. ONLY," as instructed by the Party or non-party designating the testimony.
14. (c) *Information produced in some form other than documentary, and*
15. *any other tangible items*. To designate information produced in some form other
16. than documentary and other tangible items as Protected Material, the Producing
17. Party shall affix in a prominent place on the exterior of the container or containers
18. in which the information or item is stored the legend "Confidential" or "Highly
19. Confidential – Attorneys' Eyes Only."
20. In the event that a Party believes that such information produced by another
21. Party or non-party should be subject to the terms of this Order, that Party shall
22. have the right to designate such information as either "Confidential" or "Highly
23. Confidential – Attorneys' Eyes Only." Within 30 days of receipt of such
24. information, the Designating Party shall provide notice to all other Parties and the
25. producing non-party of such designation. After receiving this notice, each Party or
26. producing non-party in possession of designated information shall affix the
27. appropriate legend ("Confidential or "Highly Confidential – Attorneys' Eyes
28.

1 Only") in a prominent place on the exterior of the item that contains Protected
2 Material.

3     5.3   <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. This section does not apply, however, to testimony given in a deposition or in other pre-trial or trial proceedings that is not designated within 25 days after receipt of the transcript, as provided in Section 5.2(b).

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1   <u>Timing of Challenges</u>: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2   <u>Meet and Confer</u>: A Party that elects to initiate a challenge to a confidentiality designation must do so in good faith and must include conferring directly with Counsel for the Designating Party. In conferring the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A

1 challenging Party may proceed to the next stage of the challenge process only if it
2 has engaged in this meet and confer process first. Absent good cause, such as a
3 large number of disputed documents for the parties to analyze, the parties shall
4 have ten days from the initial notification of a challenge to complete the meet and
5 confer process.

6      6.3    <u>Judicial Intervention</u>: If the challenging party and the Designating
7 Party are unable to resolve a dispute about a confidentiality designation within the
8 time provided in paragraph 6.2 above, the challenging party may elect to challenge
9 the confidentiality designation by filing a discovery motion as provided in the
10 Local Court Rules. Each such motion must be accompanied by a statement that
11 affirms that the movant has complied with the meet and confer requirements
12 imposed in the preceding paragraph.

13      The burden of persuasion in any such challenge proceeding shall be on the
14 Designating Party. Notwithstanding any challenge to the designation of material
15 as Protected Material, all such documents shall be treated as such and shall be
16 subject to the provisions hereof unless and until one of the following occurs: (a)
17 the Designating Party withdraws such designation in writing to all Parties and no
18 other Party has designated that material as Protected Material; or (b) the Court
19 rules the material is not Protected Material.

20     **7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

21      7.1    <u>Basic Principles</u>: A Receiving Party may use Protected Material that
22 is disclosed or produced by another Party or by a non-party in connection with this
23 case only for prosecuting, defending, or attempting to settle this litigation. Such
24 Protected Material may be disclosed only to the categories of persons and under
25 the conditions described in this Order. When the litigation has been terminated, a
26 Receiving Party must comply with the provisions of Section 11 below.

27
28

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "Confidential" Information or Items.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

(b)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A);

(c)   experts and/or Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters or videographers and their staff, mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A);

(f)   the author, addressees or recipients of the document; and

(g)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3 <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for the litigation and who have signed the "Agreement to Be Bound by Protective Order"(Exhibit A);

(b) the Court and its personnel;

(c) court reporters or videographers and their staff, mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A);

(d) the author, addressees, or recipient of the document; and

(e) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

If the Designating Party and Counsel questioning such deposition witness cannot agree as to whether the "Highly Confidential – Attorneys' Eyes Only" materials may be shown to the witness, the examining party may seek relief from the Court pursuant to Section 6 herein, and may not show the materials at issue to the witness pending the Court's decision.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to agree to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.    FILING PROTECTED MATERIAL**

If a party files a document containing Protected Material with the Court, it shall do so in compliance with the Court's rules for filing documents under seal.

**11.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action, including appellate litigation or the time period therefore, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, at the Receiving Party's option. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek modification of this Order by proper application to the Court on notice to the other Party hereto for good cause.

12.2 <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 <u>No Waiver</u>: Entering into, agreeing to, and/or producing or receiving material designated as "Confidential," or otherwise complying with the terms of this Order shall not:

(a) Operate as an admission by any party that any particular material designated as Protected Material constitutes or does not constitute trade secrets, proprietary or commercially sensitive information, or any other type of Protected Material;

(b) Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be Protected Material;

(c) Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

(d) Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(e) Prejudice in any way the rights of a Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) Prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Protected Material;

(g) Prevent the Parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

(h) Limit a Party's ability to grant non-parties access to its own documents and/or information;

(i) Be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection; and/or

(j) Prevent a Party or third Party from objecting to discovery which it believes to be improper, including objections based upon the privileged, confidential, or proprietary nature of the Protected Material requested.

12.4 <u>Subject to Jurisdiction</u>: All persons who have access to information or material designated as Protected Material under this Order acknowledge that they are bound by this Order and submit to the jurisdiction of this Court for the purposes of enforcing this Protective Order. However, this Order has no effect upon, and shall not apply to, a Producing Party's use of its own Protected Material for any purpose.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December __, 2008    COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
X. JAY ALVAREZ
RYAN A. LLORENS
LAUREN G. KERKHOFF

_____
[ATTORNEY SIGNATURE]

|    |    |    |
|----|----|----|
| 1  |    | 655 West Broadway, Suite 1900 |
| 2  |    | San Diego, CA  92101 |
|    |    | Telephone:  619/231-1058 |
| 3  |    | 619/231-7423 (fax) |
|    |    | Lead Counsel for Plaintiffs |

SCHWARZWALD McNAIR & FUSCO LLP
EBEN O. McNAIR
616 Penton Media Building
1300 East Ninth Street
Cleveland, OH  44114-1503
Telephone:  216/566-1600
216/566-1814 (fax)

ZAUSMER, KAUFMAN, AUGUST & COLDWELL, P.C.
MARK J. ZAUSMER
31700 Middlebelt Road, Suite 150
Farmington Hills, MI  48334-2374
Telephone:  248/851-4111
248/851-0100 (fax)
Additional Counsel for Plaintiffs

DATED:  December __, 2008         LATHAM & WATKINS LLP
                                  Charles W. Cox
                                  Michelle J. Correll


                                  _____
                                        [ATTORNEY SIGNATURE]
                                  633 West Fifth Street
                                  Suite 4000
                                  Los Angeles, CA  90071-2007
                                  Telephone:  213/485-1234
                                  213/891-8763 (fax)

                                  LATHAM & WATKINS LLP
                                  Paul H. Dawes
                                  140 Scott Drive
                                  Menlo Park, CA  94025
                                  Telephone:  650/328-4600
                                  650/463-2600 (fax)
                                  Attorneys for Defendant The Cooper Companies, Inc.

DATED:  December __, 2008         MORRISON & FOERSTER, LLP
                                  JUDSON E. LOBDELL
                                  GEOFFREY GRABER


                                  _____
                                        [ATTORNEY SIGNATURE]

- 14 -

425 Market Street
San Francisco, CA  94105-2482
Telephone:  415/268-7000
415/268-7522 (fax)
Attorneys for Individual Defendant(s)

\*     \*     \*

**O R D E R**

IT IS SO ORDERED.

DATED:  December 16, 2008_____  _____

_____
THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

S:\CasesSD\Cooper 06\ord00053213.doc

# EXHIBIT A

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *In re Cooper Companies, Inc. Securities Litigation*, Master File No. SACV-06-00169-CJC(RNBx).  I understand that the Stipulated Protective Order, a copy of which has been given to me, prohibits me from disclosing in any manner any information or items subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Order.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Date: _____

City and state where sworn
and signed: _____

Printed name: _____

Signature: _____